[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15634
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00413-RH-CAS


DALE CHRISTOPHER DANIELS, JR.,

                                                    Plaintiff-Appellant,

versus

ANTHONY GERALDI,
Deputy Badge 415,
JASON MANNIE,
Asst. State Attorney,
JAMES C. HANKINSON,
Judge,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 20, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Dale Daniels, Jr., a prisoner proceeding *pro se*, appeals the *sua sponte* dismissal of his 42 U.S.C. § 1983 action for violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution for frivolity. Daniels argues that the district court abused its discretion by abstaining from hearing his claims due to the ongoing state prosecution against him.

We review dismissals for frivolity under an abuse of discretion standard. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A claim is frivolous if it has no arguable basis in law or fact. *Id*. *Pro se* complaints are liberally construed. *Id.* We review the district court's exercise of abstention under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), for abuse of discretion. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). We may affirm the district court's judgment on any grounds supported by the record. *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

Federal courts abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an adequate opportunity to raise constitutional challenges in those proceedings. *31 Foster Children*, 329 F.3d at 1274. An adequate opportunity to raise constitutional challenges exists so long as state procedural law

2

does not bar the party from raising the constitutional claim. *Old Republic Union Insurance Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1262 (11th Cir. 1997).

Upon careful review of the complaint and district court order, and consideration of Daniels's brief, we conclude that the district court committed no abuse of discretion.

First, Daniels admits that criminal proceedings are ongoing in Florida and shows no procedural bar to his claims. Daniels alleges that the state court has ignored constitutional infirmities in his case, but this allegation does not show a legal procedural bar to his claims because he shows no bar to raising the constitutional deficiencies on direct appeal. *See Old Republic*, 124 F.3d at 1262. Second, Daniels is not entitled to have his claims for declaratory relief heard in federal court because they would significantly interfere with the ongoing state criminal proceedings. Thus, the district court did not abuse its discretion in abstaining under *Younger*. For the above reasons, we affirm the district court's dismissal of Daniels's civil action under 28 U.S.C. § 1915(e)(2)(B).

**AFFIRMED.**[1]

---

[1]    Dale Daniels, Jr.'s, petition for writ of prohibition, construed as a petition for writ of mandamus, is DENIED.